**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL W. BARBER,**

                          **Plaintiff,**            **1:10-cv-1198**
                                                    **(GLS/DRH)**

            **v.**

**TIMOTHY J. RUZZO,**
**MARGARET L. MCMULLEN,**
**and MICHAEL SPITZ,**

                          **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Oliver, Oliver Law Firm | LEWIS B. OLIVER, JR., ESQ. |
| 156 Madison Avenue | |
| Albany, NY 12202 | |
| | |
| **FOR THE DEFENDANTS:** | |
| HON. ERIC T. SCHNEIDERMAN | ROGER W. KINSEY |
| New York State Attorney General | ADAM SILVERMAN |
| Albany Office | Assistant Attorney Generals |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Daniel W. Barber commenced this action against defendants

Timothy J. Ruzzo, Margaret L. McMullen, and Michael Spitz, asserting claims pursuant to 42 U.S.C. § 1983 for unlawful detention, illegal search, malicious prosecution, and restricting free speech in violation of the First and Fourth Amendments of the United States Constitution. (*See* Compl. ¶ 1, Dkt. No. 1.) Pending are defendants' motion to dismiss and Barber's motion to supplement his pleadings. (Dkt. Nos. 8, 13.) For the reasons that follow, defendants' motion to dismiss is granted in part, denied in part, and Barber's motion is denied as moot.

## II. Background[1]

Plaintiff Daniel W. Barber, a former employee of the New York State Department of Correctional Services, was arrested at his home on May 3, 2007 by defendant Timothy J. Ruzzo, an investigator with New York State Police Department. (*See* Compl. ¶¶ 7, 31, Dkt. No. 1.) Although he did not know the four officers who accompanied Ruzzo, Barber and Ruzzo had a history together. (*Id.* ¶ 21.)

In June 2001, Ruzzo was involved in the investigation and arrest of four plumbers who were doing work at the Coxsackie Correctional Facility.

––––––––––––––––––––

[1] The facts are drawn from Barber's Complaint and presented in a light most favorable to him. (*See* Compl., Dkt. No. 1.)

(*Id.* ¶ 19.)  During the course of the investigation, Barber, a correctional officer at Coxsackie, "refused directions by a supervisor to make false statements in an incident report concerning" the plumbers.  (*Id.* ¶ 20.)  As a result of Ruzzo's investigation, Barber was "charged with a Notice of Discipline" and eventually terminated on October 5, 2001.  (*Id.* ¶ 21.)

Approximately six years later, Ruzzo was contacted by defendant Michael Spitz, a Lieutenant at Coxsackie, about a postcard that Barber sent to Coxsackie.  (*Id.* ¶¶ 27-28.)  The postcard, which Barber mailed on April 28, 2007, was received by defendant Margaret L. McMullen, a mail and supply clerk at Coxsackie, on May 2.  (*Id.* ¶¶ 23-25.)  McMullen felt the language on the postcard was "threatening" and forwarded it to Spitz, her watch commander.  (*Id.* ¶ 25.)  Although the postcard was addressed generically to "the Captain," it stated, in relevant part, that Barber was fired six years earlier and that "hell is coming for justice."  (*Id.* ¶¶ 24-26.)

On May 3, 2007, Ruzzo "swore out a criminal information . . . charging [Barber] with aggravated harassment in the second degree."  (*Id.* ¶ 28.)  Ruzzo then proceeded to Barber's home, arrested him while he was outside, and ordered an unauthorized search of his home.  (*Id.* ¶¶ 32-36.)  That same day, Ruzzo transported Barber to the Catskill Town Court for

arraignment.  (*Id.* ¶ 38.)  During the arraignment, Ruzzo "suggested" that

Barber "should be incarcerated and subjected to a mental health

evaluation"; he further recommended that an order of protection be issued

against Barber.  (*Id.* ¶ 39.)

Justice Robert Carl agreed with Ruzzo, and remanded Barber to the

Greene County Jail pending a mental health evaluation.  (*Id.* ¶ 40.)  He

also issued a temporary Order of Protection against Barber that remained

effective until August 3, 2007.  Five days later, Barber appeared before

Justice Roberg, Coxsackie Town Justice, and " was released on his

recognizance."  (*Id.* ¶¶ 42-43.)  Notwithstanding his release, Barber was

ordered to submit to a mental health evaluation.  (*Id.* ¶ 44.)  The evaluation

was completed by the Green County Mental Health Center, who, in a report

dated May 25, 2007, found no evidence of any mental health diseases.  (*Id.*

¶ 45.)  Although the prosecution persisted for another year, Justice Roberg

dismissed the complaint on July 21, 2008 after finding that, as a matter of

law, the postcard was non-threatening.  (*Id.* ¶ 47.)

Barber now alleges five causes of action against the defendants in

their official and individual capacities: (1) illegal detention; (2) unlawful

search; (3) malicious prosecution; (4) illegal imprisonment and malicious

prosecution arising out of the mental health evaluation; and (5) a violation of his right to free speech.  (*Id.* ¶¶ 48-135.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

As a threshold matter, Barber concedes that his first and second causes of action for unlawful detention and illegal search and seizure are untimely, and consents to their dismissal.  (*See* Dkt. No. 11, Attach. 1 ¶ 4.) Moreover, Barber failed to respond to defendants' assertion of Eleventh Amendment immunity with respect to his claims against them in their official capacities.[2]  (*See generally* Dkt. No. 11.)  Accordingly, Barber's first and second causes of action are dismissed, and the claims against Ruzzo, McMullen, and Spitz, in their official capacities, are dismissed as well.  The remaining contested claims will be addressed in turn.

--------

[2]  Notwithstanding Barber's failure to counter the defendants' argument, the court concludes, after reviewing Barber's Complaint, that his claims do not fall within any of the recognized exceptions to sovereign immunity.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Ex parte Young*, 209 U.S. 123, 157 (1908).

**A.    Malicious prosecution**

Defendants assert two grounds for dismissal of the malicious prosecution claim: (1) a lack of personal involvement by McMullen and Spitz; and (2), probable cause as a complete defense on behalf of Ruzzo. (*See* Dkt. No. 8, Attach. 1 at 11-12.)  Despite Barber's counter arguments, the court is unpersuaded with respect to the claim against McMullen and Spitz.  (*See* Dkt. No. 11 at 11-19.)

To state a claim for malicious prosecution, a plaintiff must establish that: "(1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice." *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994).  However, as with all section 1983 claims, "personal involvement of defendants in [the] alleged constitutional deprivations is a prerequisite to an award of damages."  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

Here, Barber alleges that McMullen received the postcard, interpreted it as threatening, and called Spitz, who in turn contacted Ruzzo.

(*See* Compl. ¶¶ 25, 27, Dkt. No. 1.)  Indeed, it was Ruzzo alone who

initiated the criminal proceeding against Barber.  With the exception of

"labels and conclusions," Barber fails to plead "factual content that allows

the court to draw the reasonable inference" that McMullen and Spitz took

any part in his prosecution.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009).  Simply stating that McMullen and Spitz were "personally and

actively involved in the continuation of criminal proceedings against him," is

grossly insufficient to establish personal involvement in the actual

prosecution.  (*See* Compl. ¶ 87, Dkt. No. 1.)  As such, defendants' motion

to dismiss Barber's third cause of action is granted with respect to

McMullen and Spitz.

However, Barber's claim against Ruzzo is viable.  Although probable

cause is a complete defense to a malicious prosecution claim, *see Savino*

*v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003), determining whether

an officer has probable cause requires a review of "the facts known to the

arresting officer at the time of the arrest," *Devenpeck v. Alford*, 543 U.S.

146, 152 (2004) (internal citations omitted).  Given the history between

Barber and Ruzzo, Ruzzo's participation in the arraignment, and the

unresolved questions of fact, the court concludes that Ruzzo's assertion of

probable cause is premature.  Accordingly, defendants' motion is denied

with respect to the claim of malicious prosecution against Ruzzo in his

individual capacity.[3]

## B.   Illegal imprisonment and the right to free speech

Defendants argue that Barber's claims for illegal imprisonment—

arising out of his mental health evaluation—and free speech infringement

are time barred.  (*See* Dkt. No. 8, Attach. 1 at 4-6.)  Barber counters that

the accrual dates defendants are relying on, May 25, 2007 for the illegal

imprisonment claim, and August 3, 2007 for the first amendment claim, are

incorrect.  (*See* Dkt. No. 11 at 3-11.)  Instead, Barber avers that the actual

accrual date for both claims is July 21, 2008, the date his case was

dismissed.  (*Id.*)  The court disagrees.

Section 1983 actions are governed by the "general or residual state

statute of limitations for personal injury actions."  *Ormiston v. Nelson*, 117

F.3d 69, 71 (2d Cir. 1997) (internal quotation marks and citation omitted).

Although federal law determines the accrual date, Barber's claims are still

subject to New York's three year statute of limitations for unspecified

---

[3] Since Barber's claim for malicious prosecution against Ruzzo survives, his request to supplement his pleadings on the issue of probable cause is denied as moot.  (*See* Dkt. No. 13.)

personal injury claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007);

N.Y. C.P.L.R. § 214(5) (McKinney 2003).  Generally, a section 1983 claim

accrues "once the plaintiff knows or has reason to know of the injury which

is the basis of his action." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir.

1994) (internal quotations omitted).

Here, Barber was ordered to submit to a mental health evaluation on

May 3, 2007.  (*See* Compl. ¶¶ 40, 44, Dkt. No. 1.)  Albeit unspecified in the

Complaint, it is clear that the evaluation occurred prior to the mental health

report being issued on May 25, 2007.[4]  (*See id.* ¶ 45.)  Thus, the latest

possible accrual date for Barber's illegal imprisonment claim is May 25,

2007, which renders it untimely when it was filed on October 6, 2010.

Likewise, Barber's first amendment claim is also time barred.  Using

August 3, 2007—the day the temporary restraining order lapsed—as the

accrual date, Barber's "prior restraint of speech" claim expired in August

2010.  (*See* Compl. ¶¶ 41, 113, Dkt. No. 1.)  Although Barber argues that

his speech was restrained until the charges against him were dismissed,

the court is unpersuaded as he was aware of the restraint well before the

---

[4] Barber's argument that Justice Roberg's failure to hold a follow up hearing on his competency suspended the accrual date for this claim is unavailing.  (*See* Dkt. No. 11 at 3-8.) That argument mistakenly focuses on Justice Roberg's knowledge, and not Barber's.

temporary restraining order expired on August 3, 2007.

Accordingly, defendants motion to dismiss Barber's illegal imprisonment and first amendment claims is granted with respect to all defendants in their individual capacities.

## V. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 8) is **GRANTED** in part as to:

1. All claims against defendants in their official capacities;

2. All claims against McMullen and Spitz in their individual capacities; and

3. Barber's first, second, fourth and fifth causes of action against Ruzzo in his individual capacity; and it is further

**ORDERED** that defendants motion to dismiss (Dkt. No. 8) is **DENIED** with respect to Barber's claim of malicious prosecution against Ruzzo in his individual capacity; and it is further

**ORDERED** that McMullen and Spitz are terminated as parties; and it is further

**ORDERED** that Barber's motion to supplement his pleadings (Dkt.

No. 13) is **DENIED** as moot; and it is further

     **ORDERED** that Ruzzo file the appropriate responsive pleadings

within the time allotted by the rules; and it is further

     **ORDERED** that the parties notify Magistrate Judge Homer in order to

schedule further proceedings in accordance with this order; and it is further

     **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

October 19, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge